No. 4920.

STATE ex rel. BENTON et al. *v.* JUDGE OF THE SUPERIOR DISTRICT COURT.

Where the Judge of the Superior District Court refused a suspensive appeal from an order rendered by him in a certain suit pending in that court, wherein the relators are defendants—which order was—that their books be produced in court and experts be appointed to examine them on or before the trial of the case;

Held—That, from an examination of the record presented, this court is inclined to think that the appeal should have been granted.

APPLICATION for a Writ of Mandamus against the Judge of the Superior District Court, parish of Orleans. *Hays & New*, for relators.

TALIAFERRO, J. The complaint of the relators is that the Judge of the Superior District Court refused them a suspensive appeal from an order rendered by him in a certain suit pending in that court wherein they are defendants, that their books be produced in court and experts appointed to examine them on or before the trial of the case. Upon the relator's application to this court for a writ of mandamus to compel the defendant to grant the appeal a rule *nisi* was granted, and the judge thereto answers:

*First*—That the case McMahan *v.* Benton et al., No. 9247 on the docket of his court, has not been tried on its merits.

*Second*—That in rendering the order for the production of the defendant's books and for the appointment of experts, he proceeded according to articles 140, 441, 442 and 443 of the Code of Practice.

*Third*—The order complained of is interlocutory and can not work an irreparable injury to the defendants.

*Fourth*—That the defendants sought the appeal and not the Accommodation Bank. That it will be seen that the Accommodation Bank is not the defendant or any party to this suit, and never applied for an appeal in this case.

From an examination of the record presented we are inclined to think the appeal should have been allowed.

It is therefore ordered that the rule be made absolute, and that the defendant in rule be required to grant the relators a suspensive appeal as applied for upon their entering into bond and security as required by law.